# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

## CASE NO.:

SEA SHELL CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

vs.

AMERICAN STRATEGIC
INSURANCE CORP.,

      Defendant.

                                   /

## COMPLAINT

Plaintiff, Sea Shell Condominium Association, Inc. ("Plaintiff"), by and through the undersigned counsel, hereby sue the Defendant, American Strategic Insurance Corp. ("Defendant"), and allege as follows:

## PARTY ALLEGATIONS

1.    Plaintiff owns the property insured by Defendant located at 6500 Midnight Pass Road, Sarasota, Florida 34242 (the "Property").

2.    Plaintiff is a not-for-profit corporation that is headquartered in Florida and has its principal offices and registered agent(s) in the State of Florida.

3.    Defendant American Strategic Insurance Corporation is a for profit

corporation that is headquartered in Florida and had its principal offices and registered agent(s) in the State of Florida.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this case because it arises under the Constitution and laws of the United States. See 28 U.S.C. §§ 1331, 1346, 1361; 5 U.S.C. §§ 701-06. An actual controversy exists between the parties within the meaning of 28 U.S.C. §§ 2201(a), and this Court may grant declaratory relief, injunctive relief, and other relief under 28 U.S.C. §§ 2201-02, 5 U.S.C. §§ 70106, and its inherent equitable powers.  .

5.      Venue is proper in this Court under 28 U.S.C. § 1391 because the Plaintiffs are residents of this judicial district, and a substantial part of the events or omissions giving rise to the Complaint occur within this judicial district. Defendants further codify in their Flood Insurance Policy that suit must be filed in the United States District Court of the district in which the insured property was located at the time of loss.

## BACKGROUND

6.      Congress created the National Flood Insurance Program in 1968 in the aftermath of Hurricane Betsy, which resulted in significant loss of life and property. This tragedy revealed the devastating consequences for many Americans resulting from "the general unavailability of flood insurance from

private insurers." *Horn, Private Flood Insurance and the National Flood Insurance Program, Cong. Research Serv.*, R45242 (Jan. 9, 2023).

7.    For decades, the Federal Emergency Management Agency (FEMA) encouraged States, local governments, and their citizens to adopt its preferred regulations and undertake expensive flood mitigation projects by promising affordable flood insurance through the National Flood Insurance Program (NFIP).

8.    Plaintiff purchased such a plan from American Strategic Insurance Corp. ("Defendant") with the Policy number 000FLD3867 (the "Policy").

9.    On September 26, 2024, Hurricane Helene made landfall in the State of Florida, causing substantial flood related damage.

10.    Plaintiff owns the property located at 6500 Midnight Pass Road, Sarasota, Florida 34242 which was insured by Defendant on September 26, 2024.

11.    Plaintiff's property suffered severe loss due to flood damage as a result of the hurricane on September 26, 2024 ("date of loss").

12.    The Policy requires Defendant to pay for the flood-related damages in the event of a covered loss.

13.    At all times material hereto, including on September 26, 2024, the Policy was in full force and effect.

14.    At all times prior to the date of loss and during the effective Policy period Defendant collected and retained insurance premium payments from the

3

Plaintiff.

15.    At all times prior to September 26, 2024, and during the effective Policy period, Defendant collected and retained insurance premium payments from the Plaintiffs.

16.    All conditions precedent to filing this action, including but not limited to compliance with all obligations under Florida Statute have been complied with, met, or waived.

17.    All conditions precedent to obtaining payment of insurance benefits under the Policy have been complied with, met, or waived.

18.    At all times material hereto, Defendant is not immune from liability for breach of contract pertaining to insurance coverage.

## COUNT I – BREACH OF CONTRACT

Plaintiff adopts and reallege the allegations contained in paragraphs 1 through 18 above.

19.    This is a cause of action for breach of contract arising out of a flood Policy that was in effect at the time of the loss to the Plaintiff's Property.

20.    Pursuant to the Policy, Defendant is responsible for payment of all amounts due and owing under the terms and conditions of the Policy in the event of a covered loss.

21.    On or about September 26, 2024, the Plaintiff's property was damaged

4

by a covered flood loss (the "Loss").

22.     The Loss caused the Plaintiff to suffer economic damages to the Property, including physical loss to dwelling.

23.     Plaintiff gave timely notice of the Loss and resulting damages to Defendant and/or its authorized agents, employees, or representatives.

24.     Defendant was provided with prompt and timely notice of the Claim.

25.     Defendant responded to the Loss by assigning claim number 25411 (the "Claim").

26.     Defendant was afforded the opportunity to fully inspect the Loss, investigate the cause of the Loss, and quantify the amount of the Loss.

27.     Defendant did inspect the Loss and Property during its investigation.

28.     Defendant wholly undervalued the damage to Plaintiff's property.

29.     Defendant failed to properly adjust the loss and provide payment due and owed under the Policy.

30.     Defendant breached the Policy by failing to pay the full value of the Loss.

31.     Defendant breached the Policy by failing to perform its contractual obligations under the Policy and remit full payment owed to Plaintiff.

32.     Defendant's breach deprived the Plaintiff of the expected benefits of being paid for the cost necessary to return the Property to its pre-loss condition.

33. Plaintiff has been damaged as a result of Defendant's breach in the form of insurance benefits due and owing, plus interest, costs, and attorney's fees.

34. Plaintiff has complied with and performed all conditions precedent to file this instant action and recover all insurance benefits and/or proceeds owed under the Policy pursuant to the Claim.

35. Plaintiff is in compliance with all duties imposed upon the Plaintiff under the subject insurance Policy to receive payment of the Claim, and/or such duties, obligations and conditions have been waived or excused by Defendants' actions and/or inactions at all relevant times.

36. As a direct and proximate result of Defendants' conduct, Plaintiff have been obligated to incur expenses to enforce the terms of the policy, including retaining the undersigned attorney to bring this action and are entitled to reimbursement as afforded under all applicable Federal and/or Florida Statutes.

**WHEREFORE**, Plaintiff, Sea Shell Condominiums Association, Inc., demands judgment against Defendant, American Strategic Insurance Corp., for damages for all amounts owed under the Policy pursuant to the reported Claim, plus interest on any and all overdue payments, costs, statutory attorney's fees and any other remedy the court deems necessary and proper, and further demands trial by jury of all issues triable as of right.

## CERTIFICATE OF SERVICE

THIS COMPLAINT IS DATED and Signed on this day of March 31, 2026,

and was filed by:

> JT LAW FIRM, P.A.
> Attorney for Plaintiff
> 7700 Congress Avenue, Suite 3117
> Boca Raton, Florida 33487
> Telephone: (855) 585-2997
>
> By: */s/ Monica Y. Balyasny*
> Monica Y. Balyasny, Esq.
> Fla. Bar No. 1016469
> Email: monica@jtlawfirm.net
> carolyn@jtlawfirm.net

7