**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SEA SHELL CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v. Case No. 8:26-CV-908-SDM-TGW

AMERICAN STRATEGIC INSURANCE CORP. ,

Defendant.

---

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference via email on June 16, 2026. Monica Y. Balyasny appeared on behalf of Plaintiff. Ryan M. Bennett appeared on behalf of Defendant.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| **Action or Event** | **Date** |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 6/30/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 9/30/2026 |

| | | |
|---|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 11/30/2026 |
| | Defendant | 12/30/2026 |
| | Rebuttal | 12/30/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 2/15/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 4/30/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Eric Kleinman, K & A Mediation, 2525 Ponce de Leon Boulevard #300, Coral Gables, Florida 33134, Telephone: (305) 377-2728. | | 4/30/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 8/6/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 8/11/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 8/18/2027 |
| Month and year of the trial term. | | 9/13/2027 |

The trial will last approximately 4-5 days and be

☐ jury.

☒ non-jury.

## 3. Description of the Action

Plaintiff and ASI entered into a National Flood Insurance Program ("NFIP") flood insurance contract to provide flood insurance coverage for Plaintiff's property. ASI issued a Residential Condominium Building Association Policy ("RCBAP") in its capacity as a Write-Your-Own Program carrier participating in the NFIP. Plaintiff sued ASI for breach of the SFIP alleging that ASI failed to provide the coverage requested and fully compensate Plaintiffs for covered property

flood damage stemming from a flood losses that occurred on or about September 26, 2024. ASI denies Plaintiff's allegations and submits that all NFIP SFIP covered and payable flood damages stemming from the October 9, 2024 flood loss has been paid and that no additional payment of federal flood benefits is owed.

## 4. Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**8. Discovery Practice**

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: Damage to the subject property, claim adjusting.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☐ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: The parties will produce a privilege log regarding claims of privilege.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Dated: June 16, 2026

*/s/ Monica Y. Balyasny*
Monica Y. Balyasny, Esq.
Fla. Bar No. 1016469
JT Law Firm, P.A.
7700 Congress Avenue, Suite 3117
Boca, Raton, Florida 33487
*Counsel for Plaintiff*
*Sea Shell Condominium Association, Inc.*

*/s/ Ryan M. Bennett*
Ryan M. Bennett, Esq.
Fla. Bar No. 72988
Nielsen & Treas, LLC
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
*Counsel for Defendant*
*American Strategic Insurance Corp.*